**Sakkara BOGLE–ASSEGAI,**
**Plaintiff–Appellant,**

v.

**CENTRAL CONNECTICUT STATE**
**UNIVERSITY, Defendants,**

**Lisa Marie Bigelow, Mark D. O'Donnell, and Capitol Region Education Council, Defendants–Appellees.[1]**

No. 05–1415–cv.

United States Court of Appeals, Second Circuit.

March 2, 2009.

Josephine S. Miller, Danbury, CT, for Plaintiff–Appellant.

Nyle K. Davey, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Defendant–Appellee, Lisa M. Bigelow.

Linda L. Yoder, (Paul M. Shapiro, on the brief), Shipman & Goodwin, LLP, Hartford, CT, for Defendants–Appellees, Capitol Region Education Council and Mark O'Donnell.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JOSEPH F. BIANCO, District Judge.[2]

1. We direct the clerk of Court to amend the caption as noted.

2. The Honorable Joseph F. Bianco, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff Sakkara Bogle–Assegai appeals from a judgment of the district court, granting summary judgment in favor of defendants Capitol Region Education Council ("CREC"), Lisa M. Bigelow, and Mark O'Donnell. The complaint alleged, *inter alia,* that defendants dismissed plaintiff (1) in retaliation for engaging in constitutionally protected speech, and (2) without due process. We assume the parties' familiarity with the facts and procedural history of the case.

Bogle–Assegai argues that summary judgment was erroneous as to her First Amendment retaliation claim because she created a genuine issue of material fact as to whether a causal connection exists between her dismissal and her protected speech. Even assuming the proximity between Bogle–Assegai's allegedly protected speech and her dismissal may be sufficient to make out a prima facie case of retaliation, defendants have advanced a legitimate reason for her dismissal. Bogle–Assegai has offered no evidence that defendants' claimed reasons for her dismissal are pretextual. Therefore, contrary to Bogle–Assegai's assertions, she has not created a genuine issue of material fact as to the causal connection.

Moreover, assuming *arguendo* that Bogle–Assegai had a property interest in attending the 19–day summer educational program, the district court properly concluded that she was afforded sufficient process prior to the deprivation of that interest. *See Goss v. Lopez,* 419 U.S. 565, 573, 581, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (describing process required prior to suspending a student from public school for 10 days or less where state law entitled the student to a public education).

\* The Honorable Joseph F. Bianco, United States District Court for the Eastern District

We have considered, and are not persuaded by, Bogle–Assegai's remaining arguments that summary judgment was erroneous.

Accordingly, the judgment of the district court is hereby **AFFIRMED.** Defendant–Appellee Bigelow's motion for the costs of preparing the supplemental appendix is **GRANTED.**